## James Gallagher v. Frederick Kern.

*Arbitration: Land titles: Award: Judgment.* Any determination by arbitrators as to the title in fee of lands, of which the ownership is in dispute, is beyond their jurisdiction under our statute (*Comp. L. 1871,* § *6890*), providing that "no such submission shall be made respecting the claim of any person to any estate in fee, or for life, in real estate;" and an award which involves such a determination cannot be sustained or enforced under the statute, nor can a judgment based upon it be upheld.

*Arbitration: Judgment: Reversal: Practice: Remanding the cause.* And where the land matters were so mixed up with the other matters submitted, upon the theory of one of the parties, that no settlement would be perfect without passing upon the question of their ownership, and the arbitrators are no longer impartial, the supreme court, upon setting aside a judgment based on such award, declined to remand the case for further action.

*Arbitrators: Charge of property or business.* Arbitrators ought not, while holding that office, to undertake any care or charge whatever of property and business which is the subject of arbitration.

*Circuit judge: Practicing: Arbitration proceedings.* The statute (*Comp. L. 1871,* § *5679*) prohibiting any judge from practicing himself, or from having a partner who practices in the court of which he is a judge, is peremptory, and applies to arbitration proceedings as well as others.

*Heard January 7.     Decided January 12.*

Error to Benzie Circuit.

*N. A. Parker* and *S. W. Fowler*, for plaintiff in error.

*N. W. Nelson* and *S. F. White*, for defendant in error.

CAMPBELL, J.

This is a writ of error to remove into this court a judgment rendered in the circuit court for the county of Benzie, confirming an award.

Several questions were presented on the argument, but it will not be necessary to refer to them at large.

The arbitration agreement was made for the purpose of settling the differences between the parties, arising out of their business connection during the six years previous to April 25, 1872. Most of these dealings were partnership matters, under a business arrangement whereby the name of Gallagher was to be the firm name, Kern, for private reasons, having preferred it. The award covers the accounting, and determines the respective rights and liabilities of both.

Among other things, it awarded to Kern several parcels of real estate,—some held already in his own name, and some in Gallagher's, but none in the name of both.

Upon the hearing, it appeared from the evidence, that as to a part, at least, of the lands,—and the parcels of most value,—it was not admitted, and did not appear, except by conflicting proof, that the firm owned them. The title is one in fee simple, and the effect of the finding was to establish an ownership by parol evidence, variant from the apparent paper title.

The statute is express that "no such submission shall be made respecting the claim of any person to any estate in fee, or for life, in real estate."—*C. L. § 6890.* Any determination by arbitrators, where the parties do not agree upon the title, is, therefore, beyond their jurisdiction.

This being so, the award cannot be sustained or enforced under the statute, inasmuch as a valid award is the foundation of the judgment of the circuit court. That court

had no right under the law to confirm the award, and the judgment must for this reason be reversed.

We do not readily see how the case can be remanded for further action. The land matters are so mixed up with the rest, upon the theory of one of the parties, that no settlement would be perfect without passing upon the question of their ownership. And from the affidavits of the arbitrators it is evident they now have such feelings against Gallagher that he should not be compelled to appear before them. We do not think it appears they acted with unfairness. It is proper, however, to remark, that arbitrators ought not, while holding that office, to undertake any care or charge whatever of property and business which is the subject of arbitration; and while they seem to have acted with honest purposes, their interposition in the present case, in the affairs of the partnership, was one of the occasions for the suspicions and charges brought up in the affidavits. .

It is also alleged that the counsel for Kern lost sight of the statute which prohibits any judge from practicing himself, or from having a partner who practices, in the court of which he is a judge.—*C. L.* § *5679.* The statute is peremptory, and arbitration proceedings do not differ from others. In the present case it was no doubt done without having attention called to the law, if the fact was as claimed, and as it may possibly have been. The record is not very clear.

The defect in the award is not one which we have the means of correcting. The judgment must be reversed entirely, with costs of both courts.

COOLEY, J. and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.