RUSSELL VS. CLARK.

*March 21 — April 8, 1884.*

ARBITRATION AND AWARD. *(1) "Publication:" Motion to vacate. (2) Claim to real estate in fee.*

1. The "publication" of an award, at the next term after which every application to vacate or modify the award must be made (sec. 3554, R. S.), is the filing of both *the submission and* the award in the office of the clerk of the court.

2. A determination that a conveyance of land in fee, absolute on its face, shall have effect only as a mortgage, is an adjudication of a claim to real estate in fee, and exceeds, therefore, any power which can be conferred upon arbitrators by a submission under the statute. Sec. 3545, R. S.

APPEAL from the Circuit Court for *Dodge* County.

The defendant appealed from an order vacating an award. The facts sufficiently appear from the opinion.

The cause was submitted for the appellant on the brief of *Spence & Hiner*, and for the respondent on that of *Edw. S. Bragg*, of counsel, and *J. F. Ware*, attorney.

For the appellant it was contended, *inter alia*, that where the equitable title only is passed upon or is in dispute it is a proper subject for arbitration. *Olcott v. Wood*, 14 N. Y., 32. The moving party, *Russell*, could not complain of the decision as to real estate. If a claim to real estate in fee was decided against anybody it was *not against him* but against *Clark*. A party cannot object to a decision in an award made for his benefit. *Darling v. Darling*, 16 Wis., 644.

ORTON, J. This was an arbitration under the statute, and the submission embraced "all manner of actions, suits, controversies, claims, and demands whatsoever now pending or existing, or held by or between the parties," without any exceptions whatever. The award of the arbitrators was filed in the clerk's office of the court designated in such submission, July 10, 1882. The plaintiff served notice of a mo-

tion to vacate and set aside the award at the next term of the court thereafter to be held. This motion was renewed, or a like notice of motion was served, and such motion and the award were sent by stipulation from court to court to be there heard, until finally it was heard and decided at a term of the court, in the county of Waukesha, for the circuit court of the county of Dodge, on the 31st day of May, 1883, and an order was made setting aside and vacating said award. One ground stated in the motion for setting aside and vacating the same was "that said arbitrators determined and found who was entitled to the fee of real estate described in said award." The objections urged against the motion are (1) that the motion was made out of time, and long after the next term of the court designated in the submission "after the publication of such award," as required by sec. 3554, R. S.; (2) that the arbitrators did not exceed their powers "respecting the claim of any person to any estate in fee or for life to real estate" in making their award.

1. The submission was not filed with the award, and was never filed until the 23d day of May, 1883, a few days before the decision of the motion and the granting of the order vacating the award. It is too clear for argument that "the publication of the award" contemplated by the statute is the filing of the submission and award in the clerk's office of the court designated in the submission, for the action of the court thereon, by setting aside and vacating it, on motion, or by confirming it and rendering judgment thereon, as the case may be. Until they are both so filed and before the court there is no such publication as would enable the court to act thereon for any purpose. How could the court know whether the award was authorized by the submission, or is within the terms of the submission? There can be no doubt but that there is no such publication as the statute requires until both the submission and

award are so filed and before the court. The award is not intelligible without the submission. The submission was filed for the first time a few days before the motion was made and heard and the order entered. The motion was therefore in time.

2. The statute (sec. 3545, R. S.) prohibits the submission of anything respecting the claim of any person to any estate "in fee or for life to real estate." The fourth cause for vacating an award, mentioned in sec. 3552, R. S., is "that the arbitrators exceeded their powers." This second clause of the award is that " *W. W. Clark* is entitled to hold the deed of the Murphy property to secure the unpaid portion of the Baldwin loan, and the said *H. H. Russell* has six months from this date to pay the same." This is very indefinite, as are, indeed, all other parts of the award; but if it means anything, it is that a deed in fee absolute for land shall have effect only as a mortgage to secure a loan. This is an adjudication of a "claim to real estate in fee" which it is only proper and within the jurisdiction of a court of chancery or of law to make, and clearly excepted from a submission to arbitrators, and is made by the statute ground for vacating the award by reason of their exceeding their powers.

*By the Court.*— The order of the circuit court is affirmed.