JACOB LANG v. MOSES SALLIOTTE AND JOSEPH DROUILLARD.

*Arbitration and award—Jurisdiction of arbiters—Title to land.*

In this case it is held that the arbitrators did not pass upon the boundary line between two landholders, holding titles that did not conflict as to description, but that they examined and passed upon the respective *titles* of the parties, both of whom were claiming under their deeds the title in fee to the same strip of land, which action was beyond their jurisdiction under the statute.

Error to Wayne. (Reilly, J.) Argued January 29, 1890. Decided February 20, 1890.

Arbitration proceedings. Plaintiff brings error. Judgment vacated. The facts are stated in the opinion.

*Powell & Dorland,* for appellant.

*Stewart & Galloway,* for defendants.

MORSE, J. March 2, 1887, the plaintiff entered into an agreement in writing with defendants to settle their difficulties as to whether a certain fence between them, and then marking the boundary line, was in its proper position; the defendants claiming, as set forth in the agreement to arbitrate, that the fence stands in its proper place to mark the boundary line, and the plaintiff claiming that said fence is "considerably west of its proper location."

The writing states further:

"It is hereby agreed, by and between said party of the first part, and the said parties of the second part, to submit the determination of the boundary between the premises of the said party of the first part and those of

said parties of the second part under the statutes in such cases made and provided (being chapter 292 of Howell's Compilation) to two arbitrators,"—

Giving the two selected, Frederick W. Kurth and Charles C. Stewart, the right to call in a third person if they failed to agree.

The parties also convenanted not to sue each other, or allow any suit to be brought concerning this boundary line, and that they would each faithfully obey and carry out the decision of the said arbitrators, and that, if either party failed to do this, the other could compel him to do so in the Wayne circuit court.

The two arbitrators met, the matter was submitted to them, and they made a written finding and determination March 30, 1887, which on April 18, of the same year, was filed with the clerk of the Wayne circuit court, and notice of such filing duly served upon Lang. Lang thereupon moved the circuit court to set the award aside, on the ground that the arbitrators had exceeded their powers. This motion was denied, and judgment entered upon such award in favor of the defendants. Plaintiff comes here upon writ of error.

The arbitrators decided that—

"The fence, as it now stands, marks the proper boundary between the lands of the said Jacob Lang, party of the first part, and those of the said Moses Salliotte and Joseph Drouillard, parties of the second part, and that the fence in the rear shall be built on the line indicated by the fence now standing between the lands of said first party and those of said parties of the second part in front."

But it appears from their own award that they arrived at this decision by examining into the title of the parties to the land, and by determining that the deed of Lang was wrong in its description, and should be corrected. They found—

1. That the deeds under which Lang occupied and held his land did, in terms, convey to him 108 feet beyond the fence mentioned in the submission.

2. That Lang's grantor did not own this 108 feet when he deeded to Lang, and never was the owner of the same. Therefore the land was not conveyed.

3. That Moses Salliotte became the owner of this 108 feet, November 7, 1845, by a deed from Hyacinth Salliotte and wife; that prior to this Hyacinth Salliotte was the owner of this 108 feet, and also of the land now occupied by Lang, and that he never made any other conveyance of the 108 feet, except this one to Moses Salliotte; that he deeded the land occupied by Lang, November 22, 1853, to Antoine Reno, who deeded the same to Alexis M. Salliotte by two deeds, one dated December 15, 1858, and the other December 10, 1859, neither of which deeds purported to convey this 108 feet.

They therefore decide that the deeds from Alexis M. Salliotte to Peter Jager, and the deed from Jager to Lang, which purport to convey the 108 feet, should read (inserting description) so as not to contain this 108 feet; and as to this strip of 108 feet, which said Jager assumed to convey to Lang, "The said Lang's proper remedy is by suit against the said Jager for breach of warranty, unless he has lost the same through the statute of limitations."

It will be seen that the arbitrators did not pass upon the boundary line between two landholders holding titles that did not conflict as to description, but they examined and passed upon the respective titles of the parties in fee, both of whom were claiming under their deeds the title in fee to this same strip of land. In order to do this, they had to determine, and did determine, that the deeds under which Lang claimed title to this strip did not convey the land for want of title in his grantors, although in express terms the strip was conveyed by them, and passed in fee to Lang. The contest turns out not to be over a mere boundary line between adjoining proprietors, but the dispute to be settled is the ownership of a strip

of land 108 feet wide, claimed by both parties in fee-simple. This contest or dispute cannot be settled by arbitration, under the statute.

Section 8475, How. Stat., provides that—

"No such submission shall be made respecting the claim of any person to any estate, *in fee or for life, in real estate;* but any claim to an interest for a term of years, or for one year or less, in real estate, and controversies respecting the partition of lands between joint tenants or tenants in common, *or concerning the boundaries of lands,* or concerning the admeasurement of dower, may be so submitted to arbitration."

The effect of the finding of the arbitrators was to establish the ownership of this strip in the defendants, or one of them, when it was claimed by plaintiff, whose deed upon its face included it. This was beyond their jurisdiction, and they therefore exceeded their powers under the statute. *Gallagher v. Kern,* 31 Mich. 138.

The motion to set aside the award should have been granted, and the judgment entered thereon must be vacated and set aside, with costs of both courts to the plaintiff.

CHAMPLIN, C. J., CAMPBELL and GRANT, JJ., concurred. LONG, J., did not sit.