[File No. 6736]

STATE OF NORTH DAKOTA, Appellant, v. H. C. LOY et al., Respondents.

(299 NW 908)

Opinion filed September 16, 1941

*Alvin C. Strutz,* Attorney General, *Milton K. Higgins* and *C. E. Brace,* Assistant Attorneys General, for appellant.

*Wilcox & Wilcox,* for respondents.

Burke, J. The state of North Dakota brought this action to quiet title to certain described lands located in Mercer county which it asserted were formed by accumulation and accretion in the bed of the Missouri River, a navigable stream. The defendant Loy filed an answer and counterclaim alleging that the described lands were formed by accretion to the bank of the stream and demanding judgment quieting title to that part of the described land which was contiguous to his riparian property. Before trial the plaintiff, the defendant Loy and the other defendants who had not answered entered into an agreement which was entitled, Agreement for Board of Arbitrators. By this agreement the parties consented to submit to a Board of Arbitrators consisting of three civil engineers the question as to "whether the said lands were an accretion to the bank of the Missouri River, or whether the said land is an island formed in the Missouri River with accretions thereto." It was also agreed therein "that said arbitration be conducted in all things as provided by chapter 40 of the Code of Civil Procedure of the state of North Dakota for 1913, it being hereby expressly understood that said Board of Arbitrators shall make the findings of fact and that the district court in which said action is pending shall make its conclusions of law based on such findings, and enter judgment in accordance therewith."

Pursuant to the arbitration agreement the plaintiff chose one arbitrator, the defendants another and the two thus selected chose the third. The Board thus formed held hearings, viewed the land in question and thereafter made its finding of fact that such land had been formed by accretion to the bank of the Missouri River. Motions to confirm and vacate this finding by the Board were made by the defendant Loy

and the plaintiff respectively. The district court heard both motions together and thereafter made its order confirming the finding of the Board and ordering judgment in favor of the defendant Loy. Judgment was entered accordingly and plaintiff has appealed from the judgment.

The trial court's denial of plaintiff's motion to vacate the findings of the Board of Arbitrators is specified as error. Among the reasons urged by plaintiff as a ground for vacating the findings was that the controversy between the parties involved the title to real property and it was therefore one which could not be submitted to arbitration under the provisions of chapter 40 of the Code of Civil Procedure (Comp Laws 1913, §§ 8327 to 8347). Section 8327, Compiled Laws of 1913 is as follows: "Persons capable of contracting may submit to the decision of one or more arbitrators any controversy which might be the subject of a civil action between them, except the question of title to real property in fee or for life. This qualification does not include questions relating merely to the partition or boundaries of real property."

The language of the statute is clear. Parties to a controversy may not submit the question of title to real property in fee to arbitration. An agreement making such a submission and the proceedings thereunder are void. Wiles v. Peck, 26 NY 42; Russell v. Clark, 60 Wis 284, 18 NW 844; Gallagher v. Kern, 31 Mich 138; Lang v. Salliotte, 79 Mich 505, 44 NW 938, 7 LRA 720; Thygerson v. Whitbeck, 5 Utah 406, 16 P 403.

In this case the controversy between the parties was over the title in fee to certain lands. The question submitted to arbitration was whether such lands had been formed by accretion to the bank of a navigable stream or as an island in the bed of the stream. The only question at issue was the one submitted to arbitration and the arbitrators' decision upon that issue was determinative of the issue of title. We can see no reasonable basis for a distinction between a question of title and a question upon which title depends. The question submitted to arbitration was in legal effect a question of title and its submission was void under the provision of § 8327, supra. If we were to hold otherwise the statutory prohibition against the arbitration of controversies over titles to real property could in every case be evaded by limiting the submission

to the issues of fact from which the legal conclusion as to the title would follow.

The findings of the arbitrators, made pursuant to a void submission, could not be made the basis of a valid judgment. The judgment is therefore reversed and the case remanded for further proceedings according to law.

BURR, Ch. J., and NUESSLE and CHRISTIANSON, JJ., and McFARLAND, Dist. J., concur.

Mr. Justice MORRIS, being disqualified, did not participate, Hon. R. G. McFARLAND, Judge of Fourth Judicial District, sitting in his stead.