*In re* DISSOLUTION OF TOYNTON-BROWN COMPANY.

1. ARBITRATION AND AWARD—SCOPE OF ARBITRATION.

Under an arbitration agreement entered into, pursuant to court approval, by receiver of close corporation and its stockholders wherein it was agreed to submit to board of arbitrators ''all claims, disputes, demands and controversies of every name and nature  *  *  *  existing or alleged to exist between them, or any of them, growing or arising in any manner whatsoever out of the business relations of any of the parties hereto  *  *  *  between or among said second and third parties, whether such transaction occurred preceding, during or subsequent to the formation and operation of said first-party corporation and down to the date of this agreement,'' the arbitration was not limited to differences between the second and third parties arising out of their dealings as directors and shareholders of the corporation.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MERITS OF AWARD ON ARBITRATION.

Merits of award by board of arbitration is not an issue on appeal from order confirming award where no testimony was taken at hearing on petition to confirm, consideration on appeal being limited, pursuant to statement of questions involved, to whether or not arbitration and award was void because in conflict with statutes barring submission of claims respecting ''any estate, in fee, or for life, in real estate'' (3 Comp. Laws 1929, § 15395).

3. ARBITRATION AND AWARD—REAL ESTATE—ASSIGNMENT OF VENDEE INTEREST—COMMISSIONS—PROFITS.

Provisions of award by arbitrators requiring an appellant to assign part of his undivided interest in agreement between himself, as assignee, and owners, covering certain lands, and in certain commissions and profits accruing to appellant under the agreement is not void as being contrary to statute barring submission of claims to arbitration respecting ''any estate, in fee, or for life, in real estate'' since such provisions of the award do not come within the inhibition of the statute (3 Comp. Laws 1929, § 15395).

4. APPEAL AND ERROR—ARBITRATION AND AWARD—REAL ESTATE—MODIFICATION OF AWARD BY COURT.

 Order, confirming award made by board of arbitration to which matters involved in dissolution of close corporation had been submitted with approval of court which had appointed a receiver, is not found to have been reversible on appeal because trial court modified award by eliminating provision requiring appellant husband to deed to corporation his undivided interest in certain real estate and that appellant wife join therein to release dower (3 Comp. Laws 1929, §§ 15403–15405).

5. ARBITRATION AND AWARD—MODIFICATION BY COURT.

 A court has the right to modify an award of arbitrators to whom a controversy has been submitted so as to eliminate provision of award in excess of power of arbitrators to make (3 Comp. Laws 1929, §§ 15403–15405).

6. SAME—AWARD OF TITLE TO REALTY OWNED BY CORPORATION.

 Award by arbitrators to whom controversies between close corporation and its stockholders and among latter were submitted in course of receivership in voluntary dissolution was not void because it provided for options to stockholders to purchase real estate, the title to which was in the corporation, since there was no dispute as to the title in fee (3 Comp. Laws 1929, §§ 15403–15405).

7. CORPORATIONS—DISSOLUTION—JURISDICTION OF COURT.

 The court has jurisdiction and supervision over voluntary dissolution of a corporation (3 Comp. Laws 1929, § 15310 et seq.; Act No. 327, § 65, Pub. Acts 1931).

8. SAME—RECEIVERS—TITLE OF PROPERTY.

 The receiver appointed by a court in voluntary dissolution proceedings becomes vested with all the real and personal estate of the corporation (3 Comp. Laws 1929, § 15315, as amended by Act No. 44, Pub. Acts 1933).

9. SAME—RECEIVERS—DISSOLUTION—CONFIRMATION OF AWARD BY ARBITRATOR—SALE OF REALTY.

 Order confirming an award by board of arbitrators to whom controversies in voluntary dissolution and receivership proceeding of close corporation had been submitted, which award had ordered the giving of an option to purchase corporate real estate first to one stockholder, and, if he failed to exercise it, the giving of a similar option to another stockholder,

had the effect of an order authorizing the sale of the corporation's real estate first to one stockholder, then to another, but if neither exercised his right, the court still had power to direct disposition by the receiver.

Appeal from Wayne; Chenot (James), J. Submitted April 11, 1944. (Docket No. 56, Calendar No. 42,713.) Decided May 17, 1944.

In the matter of the Dissolution of Toynton-Brown Company. On petition of receiver for confirmation of award of arbitration board. Award confirmed. Charles F. Brown and wife appeal. Affirmed.

*Peck & Cramer,* for receiver.

*Harry Z. Marx* (*Clark, Klein, Brucker & Waples,* of counsel), for appellants.

*Schmalzriedt, Frye, Granse & Frye,* for appellees Toynton.

Boyles, J. Charles F. Brown and Ralph E. Toynton prior to February 18, 1939, had been individually engaged in the real-estate business in Detroit for many years. On that date they organized a close corporation known as the Toynton-Brown Company. Charles F. Brown and his wife, Gladys F. Brown, became the owners of one-half of the capital stock and Ralph E. Toynton and his wife, Jennie D. Toynton, the owners of the other half. These parties became the directors and officers of the corporation, Mr. Brown being president, Mr. Toynton vice-president, and Mrs. Toynton after the first year being secretary-treasurer.

The purpose of the corporation as set forth in the articles was as follows:

"Engaging in and carrying on a general real estate and insurance agency in all its branches; dealing in

and carrying on a general business in real estate securities of every kind; and building and erecting dwelling houses, apartment houses, stores, office buildings and structures of every kind, the owning and leasing of all property necessarily incident thereto and in general to carry on any business in connection therewith and incident thereto not forbidden by the laws of the State of Michigan and with all the powers conferred upon corporations by the laws of the State of Michigan.''

Thereafter disputes arose, and the parties concluded to terminate the corporation. Brown suggested an amicable settlement by filing a certificate with the Michigan corporation and securities commission and dividing the assets. Toynton was only willing to file a certificate. Accordingly, dissolution and receivership proceedings were instituted in the circuit court for the county of Wayne in chancery, bearing cause No. 328833. The matter came up before the Wayne circuit court in chancery, and on the same day with the filing of the above proceedings Edward S. Piggins, appellee, was appointed as receiver by consent. Also, on the same day, Mr. and Mrs. Brown and Mr. and Mrs. Toynton entered into an arbitration agreement, to which the receiver became a party by express approval of the court entered by stipulation of the parties. The agreement itself was filed with and approved by the court on May 21, 1943. Its material provisions are as follows:

"Whereas, disputes and controversies have arisen between the parties hereto concerning the dealings of the various parties hereto with said corporation and with each other, and

"Whereas, such controversies have arisen in connection with the dissolution proceeding, which is now pending in the Wayne circuit court in chancery, No. 328833, in which proceedings the court has appointed the said Edward S. Piggins as successor receiver for said corporation, and

"Whereas, by order entered in said cause now pending between the parties hereto in the Wayne circuit court in chancery, this agreement of submission to arbitration was authorized, and the said receiver of said corporation was authorized and directed to execute the same as receiver, and

"Whereas, it appears that it will take extended and costly litigation to finally dispose of said cause, and all the parties hereto desire to submit all claims and controversies between them to a board of arbitrators for speedy and final determination,

"Now therefore, in consideration of the premises and the covenants and agreements herein contained,

"It is agreed between the parties hereto as follows:

"1. The several parties hereto respectively agree:

"(a) To submit to a board of arbitrators as hereinafter designated, all claims, disputes, demands and controversies of every name and nature permitted by law, existing or alleged to exist between them, or any of them, growing or arising in any manner whatsoever out of the business relations of any of the parties hereto with said first party corporation or between or among said second or third parties, whether such transaction occurred preceding, during or subsequent to the formation and operation of said first party corporation and down to the date of this agreement.

"2. The said board of arbitrators shall be chosen from the members of the arbitration board or committee of the Detroit Real Estate Board, and may be composed by as many members thereof as the president of the Detroit Real Estate Board shall appoint to examine or hear and arbitrate the claims, demands, and disputes to be submitted hereunder.

"3. The findings and award of the majority of the said board of arbitrators so selected and continuing to act shall be filed with the clerk of the said court and a decree confirming such award shall forthwith be entered in the Wayne county circuit court in chancery,

being cause No. 328833, pursuant to the statute in such case made and provided. * * *

"8. This agreement is made pursuant to and in conformity with provisions of 3 Comp. Laws 1929, § 15394 *et seq.*, as amended by Act No. 317, Pub. Acts 1939, and Act No. 182, Pub. Acts 1941 (Comp. Laws Supp. 1940, § 15416–1, Comp. Laws Supp. 1943, § 15394, Stat. Ann. 1943 Rev. § 27.2483 *et seq.*), known as the Michigan arbitration statute."

Pursuant to this agreement a board of arbitrators consisting of seven members of the Detroit Real Estate Board was duly appointed, heard the matters in dispute between the parties, and filed an award with the court in the dissolution and receivership proceedings. The particulars of the award are not material to the issue before us, except as the award may bear on the title in fee, or for life, in real estate. The receiver petitioned the court for entry of an order confirming the award, Charles F. and Gladys F. Brown filed an answer to the petition, objecting to confirmation and claiming that the award was totally void in that it attempted to adjudicate the title of real estate held in fee, or for life, contrary to the statute. The court entered an order confirming the award after striking out certain provisions. Charles F. and Gladys F. Brown appeal from the order confirming the award.

Appellants state the question involved is as follows:

"1. Was the arbitration and award void under the provisions of 3 Comp. Laws 1929, § 15395 (Stat. Ann. 1943 Rev. § 27.2484), which provides:

" 'No such submission shall be made respecting the claim of any person to any estate in fee or for life in real estate.' "

In their brief appellants argue other questions. They claim that the arbitration board exceeded its powers as to what matters were to be considered by

it, that the award is void because the original submission agreement contemplated only an arbitration respecting the differences between the parties arising out of their dealings as directors and shareholders of the Toynton-Brown Company. The agreement itself refutes this contention. It expressly agrees to submit to the board of arbitrators all disputes and controversies between the parties arising out of their business relations "whether such transaction occurred preceding, during or subsequent to the formation and operation of said first party corporation and down to the date of this agreement." Appellants also argue at length the merits of the award. No testimony was taken on the petition to confirm and the merits of the award is not an issue on this appeal. *Taylor* v. *Smith,* 93 Mich. 160. Our consideration is limited to the ground for reversal claimed by appellants as the question involved.

The precise question is whether there was a submission to arbitration "respecting the claim of any person to any estate, in fee, or for life, in real estate." The arbitration statute (3 Comp. Laws 1929, § 15395 [Stat. Ann. 1943 Rev. § 27.2484]), provides:

"No such submission shall be made respecting the claim of any person to any estate, in fee, or for life, in real estate; but any claim to an interest for a term of years, or for one year or less, in real estate, and controversies respecting the partition of lands between joint tenants or tenants in common, or concerning the boundaries of lands, or concerning the admeasurement of dower, may be so submitted to arbitration."

Appellants rely mainly on *Gallagher* v. *Kern,* 31 Mich. 138. In that case two partners entered into an agreement to arbitrate their business differences. The arbitrators awarded to Kern several parcels of real estate—"some held already in his own name,

and some in Gallagher's, but none in the name of both." This court, in setting aside the confirmation of the award, said:

"Upon the hearing, it appeared from the evidence that as to a part, at least, of the lands,—and the parcels of most value,—it was not admitted, and did not appear, except by conflicting proof, that the firm owned them. The title is one in fee simple, and the effect of the finding was to establish an ownership by parol evidence, variant from the apparent paper title.

"The statute is express that 'no such submission shall be made respecting the claim of any person to any estate in fee, or for life, in real estate.'—Comp. Laws [1871], § 6890.* Any determination by arbitrators, where the parties do not agree upon the title, is, therefore, beyond their jurisdiction."

*Gallagher* v. *Kern, supra,* is readily distinguishable from the case at bar. The order confirming the award does not *establish* ownership of real estate, nor is there any disagreement between the parties upon the title. The holders of the title are known and the ownership is not disputed. While appellants do not point out with particularity the parts of the award which they claim violate the statutory inhibition, the record discloses, at the most, only five paragraphs which could be claimed to apply to real estate. Paragraph 2 requires Brown to assign to the corporation his undivided one-half interest in a certain agreement between one McClelland and wife as owners of real estate, and Brown as assignee, covering certain land, and in certain commissions or profits accruing to him under said agreement. Paragraph 4 in similar manner requires Brown to assign to the corporation one-half of his interest in another contract with the owners of certain real estate, standing in the name

* This section as reenacted appears as 3 Comp. Laws 1929, § 15395. —Reporter.

of Brown and another as contract vendees, together with one-half of his profits therein, in full satisfaction of his indebtedness to the corporation on this deal. Obviously neither of these two paragraphs refers to any claim to any estate in fee, or for life, and they do not come within the inhibition of the statute. Paragraph 5 of the award, which required Brown to deed and convey to the corporation his undivided one-eighth interest in certain other land described therein, and paragraph 8, which required Gladys F. Brown to join with her husband in the execution of conveyances to release dower, were expressly eliminated from the award by the court in the order confirming the award. The court had the right to modify the award. 3 Comp. Laws 1929, §§ 15403–15405 (Stat. Ann. 1943 Rev. §§ 27.2492–27.2494); *Beam* v. *Macomber,* 33 Mich. 127.

The only other provision in the award or in the order confirming the award to which appellants may point as being in violation of the statute is in paragraph 6. This gives to Toynton a 60-day option to purchase certain real estate, *the title to which is in the corporation.* In the event that Toynton fails to exercise the option, Brown is given a similar 60-day option to purchase this real estate. The terms and conditions of purchase are stated in detail. There is no dispute between the parties in this case as to the title of this real estate. It is conceded that the title in fee is in the corporation. The arbitrators did not undertake to decide who held the title in fee, as in *Lang* v. *Salliotte,* 79 Mich. 505 (7 L. R. A. 720), relied upon by appellants. In that case the disputants each claimed the title in fee to the same land. The arbitrators examined and attempted to pass upon the respective claims of the parties to their titles in fee in the land, and to decide that there was an error in description which the arbitrators held should be cor-

rected. The case would be in point if there was a disputed claim between the parties before us as to the title in fee of this real estate. Such is not the case.

It is further to be noted that this is not solely the case of an order confirming an arbitration award. The parties have submitted to the court a voluntary proceeding for dissolution of a corporation and consented to the appointment of the receiver. The court has jurisdiction and supervision over the dissolution proceedings. Act No. 327, § 65, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 10135–65, Stat. Ann. § 21.65). The voluntary dissolution is governed by the provisions of chapter 40 of the judicature act, 3 Comp. Laws 1929, § 15310 et seq. (Stat. Ann. 1943 Rev. § 27.2354 et seq.). The receiver appointed by the court became vested with all the estate, both real and personal, of the corporation, including the title to the real estate referred to in paragraph 6 of the order confirming the arbitration award. 3 Comp. Laws 1929, § 15315, as amended by Act No. 44, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 15315, Stat. Ann. 1943 Rev. § 27.2359); Jacobs v. E. Bement's Sons, 161 Mich. 415; McPherson v. Gregory, 271 Mich. 580. The order confirming the award, entered in the dissolution and receivership proceeding, had the effect of an order authorizing the sale of the real estate of the corporation by the receiver, first, to Toynton, or, if he failed to exercise his option, then to Brown. If neither of them should exercise his right, it still would rest with the court to direct the manner of disposing of the real estate by the receiver, subject to the order of the court.

We conclude that the order confirming the award is not subject to the infirmities claimed by appellants. It is affirmed and the cause remanded for entry of a further order extending the time within which the

options may be exercised to begin with the date of remittitur. Appellees may have costs.

NORTH, C. J, and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.