MCFERREN v B & B INVESTMENT GROUP

Docket No. 204791. Submitted September 8, 1998, at Grand Rapids. Decided January 22, 1999, at 9:05 A.M. Leave to appeal sought.

Charles McFerren brought an action in the Oakland Circuit Court against B & B Investment Group, seeking to quiet title to realty. The defendant counterclaimed to quiet title in its favor. Pursuant to the parties' stipulation, the court, David F. Breck, J., ordered arbitration. An arbitrator decided that the realty should be sold and that the proceeds from the sale should be divided among the plaintiff, the defendant, and the plaintiff's attorney, who held a mortgage on the property for the cost of services rendered to the plaintiff. The plaintiff moved to set aside the arbitrator's decision, arguing that MCL 600.5005; MSA 27A.5005 prohibits the submission to arbitration of any issue involving fee ownership of real estate. The court denied the motion, granted a motion by the defendant for judgment consistent with the arbitrator's decision, and denied a motion by the plaintiff for modification of the judgment. The plaintiff appealed.

The Court of Appeals held:

1. MCL 600.5005; MSA 27A.5005 provides that a submission to arbitration shall not be made respecting the claim of any person to any estate, in fee, or for life, in real estate, except as provided in the Condominium Act, MCL 559.101 et seq.; MSA 26.50(101) et seq., which does not apply to this case. The arbitrator in this case was without jurisdiction to decide the quiet-title claims made by the parties, which claims presented a dispute regarding fee ownership of real estate.

2. The plaintiff did not waive the issue of the arbitrator's authority by waiting to raise it until after arbitration concluded. A party may challenge the subject-matter jurisdiction of a court at any time, even for the first time on appeal. The parties' stipulation could not confer jurisdiction on the arbitrator. Subject-matter jurisdiction cannot be conferred on a court by consent of the parties.

Reversed and remanded.

QUIETING TITLE — ARBITRATION.

Arbitration of an action to quiet title to real estate other than a condominium is prohibited by statute; parties to such an action may

not stipulate arbitration, nor may a court confirm an arbitral award rendered in such an action (MCL 600.5005; MSA 27A.5005).

*Alan C. Applebaum,* for the plaintiff.

*Sills, Law, Essad, Fiedler & Charboneau, P.C.* (by *Ernest J. Essad, Jr.*), for the defendant.

Before: SMOLENSKI, P.J., and MCDONALD and SAAD, JJ.

MCDONALD, J. Plaintiff appeals as of right a circuit court judgment giving effect to an arbitrator's decision ordering the sale of the property at issue and a division of the net proceeds from the sale.[1] We reverse and remand.

This case arises from a dispute over the ownership of real property located at 5256 Potomac Run East, in West Bloomfield, Michigan. Plaintiff purchased the property on January 10, 1986, from Wayne and Sandra Miller for $92,500. The Millers executed a warranty deed to plaintiff, but plaintiff never recorded the deed. Plaintiff paid the purchase price with a series of checks that were each less than $10,000. However, he failed to pay the real estate taxes or the condominium association fees due on the property.

In the summer of 1990, defendant bought the property at a tax sale from the Oakland County Treasurer

---

[1] We note that in his statement of the basis of this Court's jurisdiction and in his claim of appeal, plaintiff refers to an order denying a postjudgment motion he made to modify the judgment. This postjudgment motion essentially asked the trial court to specifically state it was confirming the arbitration award. We assume plaintiff is not asking us to review the trial court's denial of this postjudgment motion. However, we note that plaintiff's filing of the postjudgment motion extended his time to file his appeal as of right pursuant to MCR 7.204(A)(1)(b). Accordingly, defendant's argument that this Court does not have jurisdiction over this appeal is without merit.

and received a tax deed.[2] Later that summer, defendant sought and received a quitclaim deed from the Millers in exchange for $25,000.[3] Defendant recorded its quitclaim deed on August 31, 1990. Plaintiff later recorded an affidavit in the record title to the property referring to the 1986 deed conveying the property to him.

Plaintiff filed a complaint against defendant on May 3, 1991, alleging that defendant was not a bona fide purchaser without notice; therefore, defendant's quitclaim deed should be quashed and title should be quieted in plaintiff's favor. The parties later stipulated to submit the case to arbitration in 1992, and the trial court entered an order referring the case to arbitration. However, the appointed arbitrator died before arbitration and neither party pursued the case while another action involving the parties proceeded through the trial and appellate stage.[4]

In December 1996, the trial court granted defendant's motion to reopen the case. Defendant filed a counterclaim and a cross-claim to quiet title on January 13, 1997. On February 3, 1997, the trial court entered an order appointing a new arbitrator and submitting the matter to arbitration, which order was signed by both parties. After a hearing, the arbitrator issued his opinion and judgment ordering the sale of the property and an equitable division of the proceeds. The arbitrator relied on equitable principles

---

[2] At the time of the sale, there was a claim of interest against the property filed by the United States Drug Enforcement Agency, which defendant convinced the DEA to relinquish.

[3] It appears the Millers actually received approximately $10,000 after they gave defendant a credit of approximately $15,000 to cover back taxes and condominium association fees that defendant had previously paid.

[4] The other action involving the parties is not relevant to this appeal.

and noted that plaintiff did not have "clean hands" because he did not record the deed in an apparent attempt to prevent his wife and the United States government from discovering he owned the property.[5] The arbitrator ordered that defendant receive the first $83,000 from the net proceeds of the sale of the property, that the next $30,000 plus interest be distributed to plaintiff's attorney, who had a valid mortgage on the property for legal services rendered to plaintiff, and that the balance of the proceeds be distributed to plaintiff.

After the arbitrator filed his opinion and judgment, plaintiff moved in the trial court to set aside the opinion and judgment on two grounds. First, plaintiff argued although the parties had agreed to arbitrate the dispute, arbitration was precluded by MCL 600.5005; MSA 27A.5005, which prohibits submitting any issue involving fee ownership of real estate to arbitration. In the alternative, plaintiff argued the arbitrator exceeded his authority when instead of determining whether plaintiff or defendant owned the property, he ordered the property sold and the proceeds of the sale divided.

The trial court denied plaintiff's motion to set aside the arbitrator's opinion and judgment, recognizing the state's strong policy favoring arbitration and relying on the fact that plaintiff stipulated and actively participated in arbitration. The trial court held plaintiff could not wait until he knew the outcome of the arbitration to object. The trial court also held MCL

---

[5] The arbitrator's opinion indicates plaintiff's wife was seeking a divorce, the Internal Revenue Service asserted a lien of $2.8 million against him, and the DEA had a filed a claim of interest against the property.

600.5005; MSA 27A.5005 did not apply because the arbitrator did not determine the fee interests of the parties, but instead ordered the property sold and the proceeds of the sale divided. Moreover, the trial court rejected plaintiff's claim that the arbitrator exceeded his authority by fashioning an equitable remedy different than what the parties had requested.

After the trial court denied plaintiff's motion to set aside the arbitrator's opinion and judgment, defendant filed a "Motion for Judgment to Clear Title and for Sale of Property Pursuant to Arbitration Award." The trial court granted defendant's motion and entered a judgment that ordered the property sold and the net proceeds divided pursuant to the arbitrator's opinion and judgment. Plaintiff then filed a postjudgment motion to modify the judgment,[6] which the trial court denied. Plaintiff appealed.

Plaintiff first argues the trial court erred in denying his motion to set aside the arbitration award on the basis of the statutory prohibition against submitting disputes regarding the fee ownership of real estate to arbitration. MCL 600.5005; MSA 27A.5005, part of the Uniform Arbitration Act, MCL 600.5001 *et seq.*; MSA 27A.5001 *et seq.*, provides:

> A submission to arbitration shall not be made respecting the claim of any person to any estate, in fee, or for life, in real estate, except as provided in Act No. 59 of the public Acts of 1978, as amended, being sections 559.101 to 559.272 of the Michigan Compiled Laws.[7] However, a claim to an interest for a term of years, or for 1 year or less, in real

---

[6] See n 1, *supra.*

[7] This exception refers to the Condominium Act. Although the property in question is a condominium, the act is inapplicable. See MCL 559.101; MSA 26.50(101) to MCL 559.272; MSA 26.50(272).

estate, and controversies respecting the partition of lands between joint tenants, or tenants in common, concerning the boundaries of lands, or concerning the admeasurement of dower, may be submitted to arbitration.

The Michigan Supreme Court interpreted the predecessor to MCL 600.5005; MSA 27A.5005, 1871 CL 6890, Compiled Laws of 1871, in *Gallagher v Kern*, 31 Mich 138 (1875). There, the parties agreed to submit to arbitration disputes arising from their partnership, including the ownership of several parcels of real estate. The circuit court confirmed the arbitration award, which awarded the defendant the disputed parcels of land. The Supreme Court reversed, holding that § 6890 expressly precluded submitting to arbitration "the claim of any person to any estate in fee, or for life, in real estate." *Id.* at 139. Accordingly, the Court held that "[a]ny determination by arbitrators, where the parties do not agree upon the title, is, therefore, beyond their jurisdiction." *Id.* Because the arbitrators lacked jurisdiction to make the award, the Court concluded the circuit court "had no right under the law to confirm the award." *Id.*

The Supreme Court relied on *Gallagher, supra,* in *Lang v Salliotte,* 79 Mich 505; 44 NW 938 (1890), where the parties had submitted a dispute regarding the proper boundary between their lands to arbitration. After determining that the arbitrators had in fact decided the disputed issue of ownership, the Court vacated the arbitrators' award because of the statutory prohibition against submitting such disputes to arbitration and reaffirmed its holding in *Gallagher, supra,* that the arbitrators lacked jurisdiction to determine the issue. *Id.* at 508. Moreover, in *In re Dissolution of Toynton-Brown Co,* 308 Mich 727, 736;

14 NW2d 550 (1944), cited by defendant, the Court reaffirmed its holding in *Lang, supra,* although there the Court distinguished the case because the parties never disagreed about who held title to the subject property.

On the basis of these Supreme Court cases, we conclude the arbitrator in this case was without jurisdiction to decide the dispute presented to him. Defendant argues MCL 600.5005; MSA 27A.5005 does not apply here because the arbitrator did not actually determine who owned the property when he ordered the property sold and the proceeds divided. We disagree. The parties clearly submitted a dispute regarding the fee ownership of real estate to arbitration because they had each filed quiet-title actions in the circuit court, and the circuit court referred the matter to arbitration. The character of the dispute did not change merely because the arbitrator declined to award the property solely to one party or the other.

Defendant contends that because plaintiff waited until after the arbitration occurred to challenge the arbitrator's authority to hear the dispute, he should be deemed to have waived the issue. Defendant cites *American Motorists Ins Co v Llanes,* 396 Mich 113; 240 NW2d 203 (1976), in support of its position. In *Llanes,* the Court did hold that a party to an arbitration agreement may not voluntarily submit an issue to arbitration and then move to set aside the award if the outcome is unfavorable on the ground that the issue was not arbitrable under the agreement. *Id.* at 114-115. However, in *Llanes* the plaintiff challenged whether the issue submitted to arbitration fell within the scope of the arbitration clause in the parties' agreement, an insurance policy. The parties in *Llanes*

could have included the issue as an arbitrable one at the time they made their agreement. In this case, a statute prohibits submitting the issue to arbitration. In other words, under Michigan law, arbitrators are simply prohibited from deciding claims regarding the fee ownership of real estate. Accordingly, we find *Llanes* is distinguishable from this case.

We realize that it may appear inequitable to allow plaintiff to wait until the outcome of the arbitration to raise his challenge to the arbitrator's authority. Indeed, plaintiff did wait over four years from the time the trial court entered the original order referring this matter to arbitration before he first argued MCL 600.5005; MSA 27A.5005 precluded submitting the matter to arbitration. However, it is well settled that a party may challenge the subject-matter jurisdiction of a court at any time, even for the first time on appeal. *Lehman v Lehman*, 312 Mich 102, 105-106; 19 NW2d 502 (1945); *Phinney v Perlmutter*, 222 Mich App 513, 521; 564 NW2d 532 (1997); *Ass'n of Businesses Advocating Tariff Equity v Public Service Comm*, 192 Mich App 19, 24; 480 NW2d 585 (1991). We would be undercutting this well-established rule if we were to hold that plaintiff could waive his challenge by failing to raise it before the arbitration proceeding.

Moreover, our research has revealed that the Superior Court of Pennsylvania was faced with a similar issue and determined that although the defendant had not objected to the arbitration proceeding, he could challenge the arbitrator's authority pursuant to a statute similar to MCL 600.5005; MSA 27A.5005. *Barnes v McKellar*, 434 Pa Super 597, 604; 644 A2d 770 (1994). There, the court rejected the plaintiff's argument that

the defendant could not "ignore [the arbitration] proceeding as if it had not occurred," and held that the trial court correctly vacated the arbitrator's award, which was void because the statute specifically excluded matters involving title to real property from arbitration. *Id.*

Finally, the Michigan Supreme Court and this Court have both held that subject-matter jurisdiction cannot be conferred on a court by consent of the parties. *In re Return of Forfeited Goods*, 452 Mich 659, 670; 550 NW2d 782 (1996); *Redding v Redding*, 214 Mich App 639, 643; 543 NW2d 75 (1995). MCL 600.5005; MSA 27A.5005 specifically prohibits submitting disputes over the fee ownership of real estate to arbitration; therefore, the arbitrator was without jurisdiction to determine the matter. *Gallagher, supra* at 139; *Lang, supra* at 508. The parties' stipulation in this case cannot confer jurisdiction on the arbitrator and cannot make a void award valid. Accordingly, we hold that the trial court erred in denying plaintiff's motion to set aside the arbitrator's award. We vacate the judgment of the trial court entered pursuant to the arbitrator's opinion and judgment.

In light of our disposition of plaintiff's first issue on appeal, we need not address his second argument that the arbitrator exceeded his authority when he ordered the property sold and the proceeds of the sale divided, instead of determining whether plaintiff or defendant owned the property.

Reversed and remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.