JOHN M. TAYLOR v. WARREN SMITH AND MARY A. SMITH.

*Arbitration—Award—Married women—Estoppel.*

1. Where the testimony taken in an arbitration proceeding is not reported by arbitrators, the circuit court cannot modify the amount of the award.

2. The law does not permit one party to an award to profit by its execution by the other party, and then repudiate it.

So *held,* where a wife joined with her husband in a lease of his land, and in an agreement for the submission to arbitra-

---

[1] How. Stat. § 7545, as amended by Act No. 139, Laws of 1885.

tion of certain disputed matters growing out of the tenancy, and, after the surrender of the leased premises by the lessee pursuant to the terms of the award, the lessors moved to vacate the award, which provided for the payment by the husband to the lessee of a certain sum of money on such surrender, on the ground that married women were excepted from the provisions of the statute authorizing such arbitration.

Error to Clinton.    (Daboll, J.)    Argued June 15, 1892. Decided October 4, 1892.

Motion to vacate an award.    Order granting same set aside, and judgment entered in favor of plaintiff and appellant.    The facts are stated in the opinion.

*Jason E. Nichols*, for appellant.

*H. J. Patterson*, for defendants.

GRANT, J. The defendant Warren Smith, being the owner of certain lands, leased the same to the plaintiff for the term of five years.    Defendant Mary signed the lease as his wife.    Disputes arose between them, which they submitted to arbitration, under chapter 292 of Howell's Statutes. By the terms of the submission the arbitrators were to determine " all damages either party may have sustained by the failure of the other party to comply with the lease, and all damages either may sustain by reason of the giving up of the lease."    Mr. Taylor was to surrender the premises and all crops at such time as the arbitrators should determine.    The cows purchased and brought on said premises were to be taken and paid for " by said first party " at such price as should be determined by the arbitrators.    They were also to determine the damages, if any, that Taylor had sustained, or might sustain, by reason of the giving up of the premises, and, in determining that, were to take into consideration all he had done on said farm, and the trouble and annoyance he had been put to, if any, by said

first parties; and, as an offset, they were to consider all trouble and annoyance he had caused said first parties in not fully complying with the terms of the lease. The agreement of submission then contained the following clause:

" Said arbitrators are to take the whole matter, with the above limitations, into consideration, and determine what is right, fair, honest, and just between said parties."

The arbitrators met, heard the proofs, and awarded as follows:

" We find that Warren Smith and Mary A. Smith * * * are justly indebted to John M. Taylor * * * in the sum of $463.86, on the following conditions, viz.: Said John M. Taylor shall vacate the premises * * * on or before ten days from date, at which time the within-named award shall be paid by Warren Smith to the said John M. Taylor."

The award contained other provisions, but they are immaterial to the present controversy. The award was made July 6, 1891. Taylor complied with the terms of the award, and removed from the premises. The submission and award were filed with the clerk of the circuit court, but when does not appear. Taylor moved for a confirma_ tion of the award, and the Smiths moved to vacate and set it aside, but when these motions were made does not appear. On October 7, 1891, the defendants filed an affi-davit, in which they state that Mary was, at the time of the arbitration and filing of the award, a married woman, and personally, as well as jointly, interested in the subject-matter of the award. October 13, 1891, plaintiff made an affi-davit stating that Mary had signed the lease and submission as the wife of Warren, and she had no right, title, or interest in said land except as his wife, and that she was in no way personally or jointly interested in the subject-matter of the award other than as such wife. It is unnecessary to refer to other statements made in these affidavits. On February 8,

1892, the circuit court set aside the award, but for what reason does not appear.

1. The award can only be vacated when procured by corruption, fraud, or other undue means, or for evident partiality, misconduct, misbehavior, excess of power, or such imperfect execution that a mutual, final, and definite award was not made. How. Stat. § 8482. There is no evidence to justify setting aside the award upon these grounds.

2. The arbitrators were not required to report any evidence or finding of facts upon which their award was based. The testimony is not reported, and there is nothing before us by which we can determine that the award is too large by $200, as claimed by defendants. We cannot, therefore, modify the award, under How. Stat. § 8483.

3. The statute authorizing arbitration (How. Stat. § 8474) excepts married women from its provisions, and the claim is now made by the defendants that the award is absolutely void, because Mrs. Smith was a married woman. It is apparent that she signed both the lease and the agreement of submission solely because of her relation to Mr. Smith, and not because of any real interest in the subject-matter of the arbitration. The arbitrators award that Warren Smith shall pay the sum awarded to Taylor. The payment of this sum is the only award against the Smiths, and Mrs. Smith is exempted from this. Assuming that Mrs. Smith could not, under the statute, have executed the agreement, I am unable to see any reason why it should not be binding upon her husband, the real party in interest. It is held that where one partner, assuming to act for himself and his copartner, fails to bind his copartner, the award is good as to him. Morse, Arb. 9; *Jones v. Bailey,* 5 Cal. 345.

Mr. Taylor performed his part of the award, and the defendants received the benefit of such performance, without objection or intimation that they intended to repudiate it. The law does not permit one party to an award to profit

by its execution by the other party, and then repudiate it. Mrs. Smith is therefore estopped from alleging her disability in avoidance of the award.

The order of the court below vacating the award is set aside, and judgment will be entered here in favor of Mr. Taylor, with costs.

The other Justices concurred.