SMITH v HIGHLAND PARK BOARD OF EDUCATION

Docket No. 31395. Submitted April 21, 1978, at Detroit.—Decided May 23, 1978.

Plaintiff Laura Smith was employed as a teacher by defendant Highland Park Board of Education from 1964–1969, acquiring tenure. She applied for and received a personal leave of absence without pay for the school year 1969–1970. At the end of that leave she timely notified defendant of her intention to resume teaching the following fall. When the board failed to offer her a position in reinstatement, plaintiff requested an extention of her leave which the board denied. Plaintiff filed a grievance pursuant to the master contract which was denied by the board. Plaintiff then appealed to advisory arbitration. The arbitrator awarded reinstatement but determined that no salary credit was appropriate and that no further relief was warranted. On January 17, 1972, plaintiff accepted a teaching offer of the board and returned to teaching January 31, 1972. Plaintiff then filed suit in the Wayne Circuit Court for back pay for the 1970–1971 school year and for the first half of the 1971–1972 school year. The suit was removed to the Court of Common Pleas. The court, Donald L. Hodson, J., found that plaintiff was estopped from going forward with legal action by her acceptance of the job with the board and that the arbitrator's award did not exceed his authority. The Wayne Circuit Court, George T. Martin, J., affirmed. Plaintiff appeals by leave granted. *Held:*

1. A party who accepts a benefit under a nonbinding arbitration award accepts the award *in toto* and is estopped from denying its validity and binding effect.

2. A nonbinding arbitration award which exceeds the arbitrator's authority is a nullity as to that part which so exceeds the authority and may properly be severed from that portion of the award which is valid.

3. A party to a nonbinding arbitration award who has ac-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award § 183.

[2, 3] 5 Am Jur 2d, Arbitration and Award §§ 136, 167, 168.

[3] 5 Am Jur 2d, Arbitration and Award §§ 137, 150.

cepted the award is not estopped from denying that portion of
the award which exceeds the arbitrator's authority.

Remanded for further proceedings.

1. ARBITRATION AND AWARD—ESTOPPEL—VALIDITY OF AWARD.

A party to a nonbinding arbitration award who has profited by
accepting a benefit of that award is estopped from denying the
award in its entirety; that part which is unfavorable cannot be
disclaimed.

2. ARBITRATION AND AWARD—ESTOPPEL—VALIDITY OF AWARD—SCOPE
OF AWARD—AUTHORITY OF ARBITRATOR.

A party who accepts a nonbinding arbitration award outside the
scope of the agreement to arbitrate is not estopped from deny-
ing that portion of the award which exceeded the arbitrator's
authority.

3. ARBITRATION AND AWARD—SCOPE OF AWARD—AUTHORITY OF ARBI-
TRATION—VALIDITY OF AWARD—SEVERANCE OF AWARD.

An arbitration award which exceeds the arbitrator's authority is
not totally invalid but is a nullity only to the extent it exceeds
that authority; it is proper to sever that portion which is a
nullity from the remainder of the award.

*Evan Karabetsos,* for plaintiff.

*Hall & Andary, P. C.,* for defendant.

Before: D. F. WALSH, P. J., and D. E. HOLBROOK
and R. M. MAHER, JJ.

PER CURIAM. Plaintiff Laura Smith appeals from
an order of the Wayne County Circuit Court af-
firming the decision of the Court of Common Pleas
which granted defendant Highland Park Board of
Education's motion for summary judgment.

Smith was a tenured teacher. In 1969, pursuant
to the master contract between defendant and the
Highland Park Federation of Teachers, she applied
for and was granted a personal leave of absence
without pay for the 1969–1970 school year. On Feb-
ruary 14, 1970, Smith filed a timely request for
reinstatement for the fall of 1970. After the board

failed to offer a position in reinstatement, the plaintiff requested an extension on her leave. Defendant denied the request and informed Smith that she would be considered for employment if a vacancy occurred.

On February 1, 1971, plaintiff filed a grievance pursuant to the master contract. In March, 1971, Smith was offered a midyear teaching vacancy at the Barber School, which she declined, partially because of her commitment to her then existing employment and partially because of the possible effect on the pending grievance.

Smith's grievance was ultimately denied on April 27, 1971, by the Board of Education. Plaintiff then appealed to advisory arbitration by counsel of her union. In a December 29, 1971 award, the arbitrator gave plaintiff reinstatement but determined no salary credit was appropriate for the 1969–1970 or 1970–1971 school years. He stated no further relief (other than reinstatement) was warranted.

On January 17, 1972, plaintiff accepted a position team-teaching at the Barber Middle School. She began working on January 31, 1972.

In April, 1973, plaintiff filed suit in Wayne County Circuit Court seeking back pay for the 1970–1971 school year and for the first half of the 1971–1972 school year. The cause was removed to the Court of Common Pleas where plaintiff presented her case and defendant filed a motion for summary judgment.

On February 20, 1976, the court found that plaintiff was estopped from going forward with legal action by her acceptance of a job with the board, pursuant to the arbitrator's award. Judge Hobson held that the arbitrator in denying back pay did not exceed the scope of his authority.

Smith was required either to accept the arbitration award in its entirety or reject the award in its entirety, but she, could not accept it in part and reject it in part. Plaintiff, the court decided, had no cause of action against defendant.

Plaintiff appealed this decision to the Wayne County Circuit Court which affirmed the Court of Common Pleas in a decision adopting the opinion below.

We deal first with the issue of estoppel: did plaintiff's acceptance of defendant's offer of reinstatement constitute an acceptance of an advisory arbitral award which plaintiff was then estopped from disavowing?

The grievance procedure of the Master Contract in Part VII, § 7.2, step 5 provides with respect to arbitration:

*"The arbitrator's decision shall be advisory only and shall not be binding upon any party.* The arbitrator shall confine his opinion to the sole question of whether or not there has been a violation of this Agreement or whether any disciplinary action was unjust or improper. He shall give no opinion with respect to any matter left by this Agreement or by law to the discretion of the Board or administration." (Emphasis supplied.)

Were we to find the arbitration pursued through this step of the grievance procedure binding *ab initio,* we would divest the very language of the agreement of any meaning or significance. We cannot say that the parties entered into a binding arbitration without contradicting the terms of the master contract.

But the circumstances in this case comprehend more than the undertaking of the arbitration process. Plaintiff Smith accepted the arbitrator's award

by accepting the defendant's offer of reinstatement and returning to work.

"The law does not permit one party to an [arbitration] award to profit by its execution by the other party, and then repudiate it." *Taylor v Smith,* 93 Mich 160, 163–164; 52 NW 1118 (1892).

While *Taylor v Smith, supra,* is factually distinguishable from the present case, the theory of estoppel it espouses is applicable here. No one should be allowed to accept the fruits of an arbitrator's award and then dispute its validity. *Newman v Avco Corporation-Aerospace Structures Division,* 451 F2d 743 (CA 6, 1971). Even if the original status of the arbitration is simply advisory, once the award is accepted, it must be accepted as a whole: that part which is unfavorable cannot be disclaimed.

"[A] party who accepts payment in satisfaction of a voidable award, or of anything done by the opposite party in part performance of such award, or receives fruits thereof, will be held to have ratified the same and to be estopped from thereafter questioning its validity or refusing to perform its terms." *Ames Canning Co v Dexter Seed Co,* 195 Iowa 1285, 1292; 190 NW 167 (1922); *Taylor v Smith, supra.* 5 Am Jur 2d, Arbitration and Award, § 183, p 653.

The underlying rationale of arbitration, *i.e.,* the final resolution and settlement of disputes between parties to a contract or transaction, supports the concept that, though advisory in its inception, *once accepted* the award of a nonbinding arbitration becomes binding *in toto* and a matter settled. The award derives its legal conclusiveness not from the terms of a contract whereby the parties agree to

submit the dispute to advisory arbitration, but from the fact of its acceptance by the parties.

"Equitable considerations under the doctrine of estoppel argue strongly against allowing a litigant to make full use of arbitration up to the point of acceptance of the award (reinstatement to his job) and then permitting him to sue in another forum for the backpay which the arbitrator denied." *Newman v Avco Corporation-Aerospace Structures Division, supra,* at 749.

Such would be the result in the present case but for one factor. The arbitrator derives his or her power solely from the agreement between the parties and the agreement is the law of the case. *Acme Cut Stone Co v New Center Development Corp,* 281 Mich 32; 274 NW 700 (1937), *Chippewa Valley Schools v Hill,* 62 Mich App 116; 233 NW2d 208 (1975). An arbitrary award outside of the scope of the agreement of arbitration is not binding on anyone, because it has no legal sanction. *Stowe v Mutual Homebuilders Corp,* 252 Mich 492; 233 NW 391 (1930).

The arbitration agreement, Part VII, § 7.2, step 5, states:

"The arbitrator shall confine his opinion to the sole question of whether or not there has been a violation of this Agreement or whether any disciplinary action was unjust or improper. He shall give no opinion with respect to any matter left by this Agreement or by law to the discretion of the Board or administration."

In denying plaintiff all relief other than reinstatement, the arbitrator exceeded the scope of his authority. Whether or not plaintiff was entitled to back pay for defendant's failure to reinstate her upon request after her leave of absence without pay is not an issue over which the arbitrator had

power to exercise authority. That issue is not, through any expansion of the contract language, a question of whether or not the board violated the agreement or took unjust or improper disciplinary action against Smith. The arbitration agreement does not authorize the arbitrator to determine what relief is appropriate upon a finding that the agreement has been violated or that certain disciplinary action was unjust or improper.

In cases in which an arbitrator has exceeded his or her authority, in which, thereby, a part of the award becomes a nullity, the award is not totally invalid. It is proper to sever that portion which is a nullity from the remainder of the award. *Carr v Kalamazoo Vegetable Parchment Co,* 354 Mich 327; 92 NW2d 295 (1958), *E E Tripp Excavating Contractor, Inc v Jackson County,* 60 Mich App 221; 230 NW2d 556 (1975).

Plaintiff, in accepting the arbitrator's award, and thus binding herself as to its entirety, could not bind herself to that part which was invalid by reason of the fact that it exceeded the scope of the arbitrator's authority. Therefore, while plaintiff's acceptance of the award gave it legal conclusiveness, as with all arbitration awards, it was legally conclusive only insofar as it was valid. Since it was not valid (and thus not conclusive) as to the denial of back pay, plaintiff has a cause of action for back pay in the courts. The motion for summary judgment should not have been granted.

Remanded for proceedings consistent with this opinion. On remand, we suggest that the trial court examine closely the issue, if any, of plaintiff's mitigation of damages through her interim employment and the possibility that any award rendered reflect such mitigation. We retain no further jurisdiction.