WATERFORD ASSOCIATION OF EDUCATIONAL SECRETARIES v
WATERFORD SCHOOL DISTRICT

Docket No. 43173. Submitted November 21, 1979, at Detroit.—Decided
January 23, 1980. Leave to appeal denied, 408 Mich 955.

Waterford Association of Educational Secretaries brought an
action against Waterford School District and the Board of
Education for Waterford School District to enforce two arbitra-
tion awards issued in plaintiff's favor. The awards were issued
under the authority of an alleged agreement to arbitrate en-
tered into between the parties during an interim period be-
tween collective bargaining agreements. Oakland Circuit Court,
Stephen N. Andrews, J., refused to enforce the awards, finding
that no such agreement had been reached between the parties
and that, therefore, the arbitrators were without jurisdiction to
issue the awards. The plaintiff appeals. *Held:*

The trial court was not faced with the question of the
arbitrability of the particular dispute under the terms of an
arbitration clause, but was faced with the question of the very
existence of an arbitration agreement. The trial court correctly
relied on the rule that an arbitrator's decision cannot take
precedence over a judicial finding that no agreement to arbi-
trate was extant. The trial court's determination that no arbi-
tration agreement was ever entered into is supported by the
record and was not clearly erroneous. In the absence of an
agreement to arbitrate, the arbitrators acted without jurisdic-
tion. The trial court properly denied enforcement of the
awards.

Affirmed.

1. ARBITRATION AND AWARD — AGREEMENT TO ARBITRATE — COURTS.
The decision of an arbitration panel does not take precedence
over a judicial finding that no agreement to arbitrate was
extant.

2. ARBITRATION AND AWARD — CONTRACTS.
Arbitration is a matter of contract and a party cannot be re-

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 5 Am Jur 2d, Arbitration and Award § 15.

quired to arbitrate an issue which it has not agreed to submit to arbitration.

3. ARBITRATION AND AWARD — CONTRACTS — JURISDICTION OF ARBITRATORS.

The jurisdiction of an arbitrator to act arises entirely from an arbitration agreement or an arbitration clause in a contract; therefore, a finding of no arbitration agreement effectively precludes the power or jurisdiction of an arbitrator to act.

*Hiller, Howard, Larky & Hoekenga* (by *Daniel J. Hoekenga* and *Marc M. Sassman*), for plaintiff.

*Clark, Hardy, Lewis, Fine & Asher, P.C.* (by *William G. Albertson*), for defendants.

Before: ALLEN, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

M. J. KELLY, J. Plaintiff Waterford Association of Educational Secretaries brought this action to enforce two arbitration awards issued in its favor against defendant Waterford School District. These awards were issued under the authority of an alleged agreement to arbitrate entered into between the parties during an interim period between collective bargaining agreements. The trial court refused to enforce the awards. It found that no such agreement had been reached between the parties and, therefore, the arbitrators were without jurisdiction to issue the awards. Plaintiff appeals as of right.

Plaintiff advances a persuasive argument regarding the limited authority of any court to overturn an arbitration award. Plaintiff's argument is specifically directed to the propriety of judicial review of an arbitrator's decision as to the

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

arbitrability of the subject grievances. When the trial court reviews such a decision by the arbitrators, proof that the panel's findings were authorized by the terms of the collective bargaining agreement is sufficient to preclude judicial review of the award.

The present case, however, presents a fundamentally different inquiry. When plaintiff's grievances arose, the defendant board of education was notified of plaintiff's intent to submit the dispute to arbitration. Defendant responded by denying that there was any agreement between the parties to arbitrate disputes that arose during contract negotiations. Similarly, defendant notified the American Arbitration Association that it would not participate in arbitration proceedings in the absence of any binding agreement with plaintiff to resolve disputes in this manner. Subsequently, an *ex parte* hearing resulted in awards to plaintiff. Thus, the trial court was not faced with the question of the arbitrability of the particular dispute under the terms of the arbitration clause; rather, the court addressed the threshold question of the very existence of an arbitration agreement. It is only when this preliminary inquiry results in a finding that an existing arbitration clause governs grievance settlement that the court may proceed to a limited review of the panel's award. See *E E Tripp Excavating Contractor, Inc v Jackson County,* 60 Mich App 221; 230 NW2d 556 (1975). Here, the trial court correctly relied on the rule set forth in *John Wiley & Sons, Inc v Livingston,* 376 US 543, 547; 84 S Ct 909; 11 L Ed 2d 898 (1964), that an arbitrator's decision cannot take precedence over a judicial finding that no agreement to arbitrate was extant. The Supreme Court stated:

"The duty to arbitrate being of contractual origin, *a compulsory submission to arbitration cannot precede judicial determination* that the collective bargaining agreement does in fact create such a duty. Thus, just as an employer has no obligation to arbitrate issues which it has not agreed to arbitrate, so *a fortiori,* it cannot be compelled to arbitrate if an arbitration clause does not bind it at all." (Emphasis added.)

Michigan follows this rationale, as exhibited by *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teachers' Ass'n,* 393 Mich 583, 587; 227 NW2d 500 (1975), in which the Court held:

"Arbitration is a matter of contract. A party cannot be required to arbitrate an issue which he has not agreed to submit to arbitration." (Footnotes omitted.)

Thus, the authority exercised by the trial court was not beyond its power to act. In effect, the trial court was determining whether an agreement to arbitrate existed, rather than the scope of an arbitration clause or merits of the particular case.

The jurisdiction of an arbitrator to act arises entirely from the arbitration agreement or arbitration clause. Therefore, a finding of no arbitration agreement effectively precludes the power or jurisdiction of an arbitrator to act. *Stowe v Mutual Home Builders Corp,* 252 Mich 492; 233 NW 391 (1930), *Smith v Highland Park Board of Education,* 83 Mich App 541; 269 NW2d 216 (1978). A lack of jurisdiction was recognized by this Court as a basis for attack of an arbitration award in *Brown v Holton Public Schools,* 62 Mich App 328; 233 NW2d 274 (1975), *vacated on other grounds* 397 Mich 71; 243 NW2d 255 (1976). Similarly, a lack of jurisdiction is the basis for the trial court's refusal

to enforce the arbitration awards in the present case.

The scope of appellate review here is limited to a determination of whether the findings of fact below were clearly erroneous. The trial court's factual determination that no arbitration agreement was ever entered into is supported by the record and was not clearly erroneous under the interpretation of GCR 1963, 517.1 enunciated in *Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976).

In the absence of an agreement to arbitrate, the arbitrators acted without jurisdiction. Thus, the trial court properly denied enforcement of the awards.

Affirmed.