508 A.2d 507

**BARCLAY TOWNHOUSE ASSOCIATES**

v.

**STEPHEN L. MESSERSMITH, INC., et al.**

No. 1034, Sept. Term, 1985.

Court of Special Appeals of Maryland.

May 13, 1986.

Timothy L. Mullin, Jr. (Miles & Stockbridge on brief), Baltimore, for appellant.

Ronald M. Miller (Paul M. Nussbaum, Sheldon L. Gnatt and Reichelt, Nussbaum, Brown, Dukes & LaPlaca, on brief), Greenbelt, for appellee, Messersmith.

Robert O. Johnston and Shulman, Rogers, Gandal, Tobin & Ecker, Silver Spring, on brief, for appellee, H.A. Knott, Limited, Inc.

Argued before MOYLAN, ROSALYN B. BELL and ROBERT M. BELL, JJ.

MOYLAN, Judge.

The appellant, Barclay Townhouse Associates (Barclay), petitioned the Circuit Court for Prince George's County to vacate an arbitration award granted in favor of the appellee Stephen L. Messersmith, Inc. (Messersmith). The circuit court denied the petition to vacate the award and granted Messersmith's motion for summary judgment. Judgment was entered in favor of the appellee Messersmith in the amount of $63,395.13 plus costs and interest. Barclay has filed this appeal.

In May, 1981, Barclay, a developer, entered into an agreement with the Henry A. Knott Remodeling Company, Inc. (Knott) for the latter to be the construction manager of a rehabilitation project. Knott then entered into negotiations with Messersmith for the drywall and metal stud work on the project. Knott and Messersmith exchanged several drafts of contracts, but whether the final version was ever agreed upon is unclear.[1]

---

1. In major measure, the appellee's testimony as to the state of the contract came from Stephen L. Messersmith, the president of Stephen L. Messersmith, Inc. He testified that his contract negotiations were conducted almost exclusively with Larry Ellison, the representative of the Henry A. Knott Remodeling Company, Inc. and the Project Manager for the Barclay Townhouse job. Initially, Messersmith's final bid was telephoned to Ellison, who accepted the bid by telephone but added several conditions, one of which was binding arbitration. Ellison promised Messersmith that Messersmith would be sent the final contract. In the meantime, Messersmith was to start work on the project. Messersmith received the contract from Ellison, made some

Messersmith commenced work on the project. Sometime thereafter, disagreements arose between Messersmith and Knott regarding the scope of the work Messersmith was to perform, the materials to be used, and the quality of the work.

Messersmith filed a Demand for Arbitration, seeking an award for $108,267.62 against Knott and Barclay. Both Knott and Barclay objected to the jurisdiction of the arbitration panel to hear the dispute, claiming that there was no written agreement to arbitrate. The arbitration panel overruled the objections, and a full hearing followed. The arbitrators awarded Messersmith $63,395.13 against Barclay.

Barclay filed a petition to vacate the arbitration award in circuit court. The parties agreed to submit the dispute to the circuit court by way of cross-motions for summary judgment.

The circuit court denied Barclay's motion for summary judgment and petition to vacate and granted Messersmith's motion. The court stated:

"In reviewing the determination of an arbitration panel, this Court's function in confirming or vacating an award is 'severely limited.' ... A court has authority to vacate an award that is based on a completely irrational interpretation of the contract.... Applying this standard, this Court does not have grounds to vacate the award under § 3–224(b)(5). The record supports the arbitration panel's finding that a valid arbitration clause existed. We can

---

revisions upon it, and returned it to Ellison. Ellison orally agreed to several contract changes but did not return the executed contract to Messersmith. Ultimately, Messersmith became disenchanted with Ellison's failure to submit to him the signed agreement. A letter was sent on March 30, 1982, demanding resolution of the contract issue.

Pursuant to the letter, a meeting was held on April 6, 1982, among representatives of all parties. At this meeting, there was some initialling of a written agreement and some interlineations made. Barclay has always stoutly maintained that, "Although drafts of several contracts were exchanged, no draft of that contract was ever agreed to among, or signed by, the parties."

find no error of fact or law made by the arbitration panel that would render their decision completely irrational."

On appeal, Barclay contends that the circuit court erred in using the "completely irrational" standard of review when reviewing the arbitration panel's threshold decision of whether a written agreement to arbitrate even existed. We agree and remand the case to the circuit court.

This is a case of first impression in Maryland. Previous arbitration cases have dealt with the issues of whether the subject matter of the dispute fell within the scope of an extant arbitration agreement, *Wilson v. McGrow, Pridgeon & Co.*, 298 Md. 66, 467 A.2d 1025 (1983); *Gold Coast Mall, Inc. v. Larmar Corp.*, 298 Md. 96, 468 A.2d 91 (1983); or what the appropriate standard of review was when a court reviewed an award arising out of an agreed-to arbitration. *Southern Maryland Hospital Center v. Edward M. Crough, Inc.*, 48 Md.App. 401, 427 A.2d 1051 (1981); *O–S Corp. v. Samuel A. Kroll, Inc.*, 29 Md.App. 406, 348 A.2d 870 (1975). This case presents a fundamentally different issue. When the dispute arose, Barclay was notified by Messersmith of Messersmith's intent to submit to arbitration. Barclay responded by denying the existence of any agreement between the parties to arbitrate. Barclay challenges the very jurisdiction of the arbitration panel. This brings into question the standard of review courts are to use in reviewing an arbitration panel's decision regarding its own jurisdiction.

Arbitration is the process whereby parties voluntarily agree to substitute a private tribunal for a court proceeding. When the parties agree to arbitrate, they give up some rights, among them the alternative of seeking redress in the courts, in exchange for a speedier, less formal, less expensive private procedure. Because the parties have agreed to arbitrate, once an arbitrator's award is obtained, the courts review the arbitrator's award using the austerely limited "completely irrational" standard of review, and generally thereby enforce the award. *Nelley v. Baltimore*

*City,* 224 Md. 1, 166 A.2d 234 (1960); *Mayor and City Council of Baltimore v. Clark,* 128 Md. 291, 97 A. 911 (1916).

Arbitration is essentially a matter of contract. *United Steelworkers of America v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). Parties are only required to arbitrate those disputes which they have agreed to submit to arbitration. *Flood v. Country Mutual Ins. Co.,* 41 Ill.2d 91, 242 N.E.2d 149 (1968); *J. Brodie & Sons, Inc. v. George A. Fuller Co.,* 16 Mich.App. 137, 167 N.W.2d 886 (1969). It would be fundamentally unfair as well as illogical to bind a party to the results of a process to which it had never agreed. The arbitrator, moreover, derives his or her power from the arbitration agreement itself. If no agreement to arbitrate exists, the arbitrator has no power to act. *Waterford Assoc. of Educational Secretaries v. Waterford School District,* 95 Mich.App. 107, 290 N.W.2d 95 (1980).

Because an arbitrator has no power to act in the absence of an agreement to arbitrate, the "completely irrational" standard of review used for reviewing arbitration awards on the merits is totally inappropriate on the threshold issue. Courts must make the decision regarding the existence of an agreement to arbitrate, not the arbitrator. This conclusion finds support in the statutory scheme of the Maryland Arbitration Act. Md.Cts. & Jud.Proc.Code Ann., § 3–201, *et seq.* Section 3–208(a) provides:

"§ 3–208. Stay of arbitration.

(a) Petition to stay.—If a party denies existence of the arbitration agreement, he may petition a court to stay commenced or threatened arbitration proceedings." [2]

---

**2.** Barclay could have petitioned the court for a decision regarding the existence of the arbitration agreement prior to arbitration. The Legislature used the permissive "may" in the statute. Barclay is not foreclosed from raising the issue after arbitration. Indeed, § 3–224(b)(5) makes it clear that under the existing state of the law, the party challenging the arbitration has the tactical option of mounting the challenge within thirty days after the arbitration as well as the

It is clear the Legislature intended for the courts to determine the existence of the threshold agreement to arbitrate. The case law in other states is to the same effect—that the issue of whether an arbitration agreement exists is a matter for the courts. *See Lewiston Firefighters Ass'n v. City of Lewiston,* 354 A.2d 154, 165 (Me.1976); *County of Stephenson v. Bradley and Bradley, Inc.,* 2 Ill.App.3d 421, 275 N.E.2d 675 (1971); *Waterford Assoc. of Educational Secretaries v. Waterford School District, supra,* 290 N.W.2d at 97.

While the appropriate standard of review of an arbitration *award* where the arbitration has been mutually agreed to remains, of course, a determination of whether the arbitrator's decision is "completely irrational," *see O–S Corp. v. Samuel A. Kroll, Inc., supra,* in a case such as this, where the basic jurisdiction of the arbitration is challenged, the court must undertake a *de novo* review to determine if such an agreement exists. We remand this case to the circuit court for such a determination.

JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS; COSTS TO BE PAID BY APPELLEE, MESSERSMITH.

---

option, under § 3–208, of bringing the challenge prior to the arbitration proceedings. Section 3–224(b)(5) provides, in pertinent part: "(b) *Grounds.*—The court shall vacate an award if:

.　　　　.　　　　.　　　　.

(5) There was no arbitration agreement as described in § 3–206, the issue was not adversely determined in proceedings under § 3–208, and the party did not participate in the arbitration hearing without raising the objection."

In this case, Barclay did raise an objection to proceeding with arbitration.