*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

2727 RUSSELL STREET, LLC,

        Plaintiff/Counterdefendant-
        Appellee,

v

BERT W. DEARING, JR., B & D PROPERTY
MANAGEMENT, LLC, and DEARING
DEVELOPMENT, INC.,

        Defendants/Counterplaintiffs/Third
        Party Plaintiffs-Appellants,

and

JAI-LEE DEARING and DEARING EXPRESS
TRUST I,

        Defendants-Appellants,

and

LUKE INVESTMENTS, INC., and EMRE
URALLI,

        Third-Party Defendants.

UNPUBLISHED
September 26, 2019

No. 344175
Wayne Circuit Court
LC No. 15-013267-CB

-1-

Before: Letica, P.J., and M. J. Kelly and Boonstra, JJ.

Per Curiam.

This case began as a dispute regarding real property located at 2727-2739 Russell Street in Detroit, Michigan. The parties' dispute regarding the Russell Property was resolved through arbitration and is not at issue in this appeal. This appeal involves the parties' dispute relative to six additional properties. On appeal appellants, Bert W. Dearing, Jr, Jai-Lee Dearing, Dearing Express Trust I, B & D Property Management, LLC, and Dearing Development, Inc. (appellants), appeal as of right the trial court order (1) granting appellee, 2727 Russell Street, LLC's, motion to confirm an arbitration award dated March 30, 2018 (March 30 Award); (2) denying appellants' motion to vacate the March 30 Award and an arbitration award dated February 20, 2018 (February 20 Award); and (3) denying appellants' motion for reconsideration of the circuit court's April 19, 2018 order, which confirmed the February 20 Award. Appellants also challenge the circuit court's April 19, 2018 order confirming the February 20 Award. For the reasons stated in this opinion, we affirm.[1]

I. BASIC FACTS

The parties' dispute over the Russell Property began in 2015, and after numerous attempts to settle the disagreement, the circuit court ordered the parties to submit it to facilitation. On October 30, 2017, with the help of a facilitator, the parties' entered into a settlement agreement. The agreement provided that it would serve to resolve any and all claims between the parties and that the parties "shall execute a mutual general release of all claims, known or unknown, including all claims that were or could have been brought in this proceeding by any party." The agreement also required the parties to prepare stipulations and orders of dismissal, and it stated that "all disputes relating to this Settlement Agreement shall be submitted to binding statutory arbitration, with the facilitator sitting as the sole arbitrator pursuant the Uniform Arbitration Act (MCL 691.1681, *et seq*.)." 2727 Russell Street, LLC prepared its own version of the parties' final settlement agreement, titled, "Settlement Agreement and Full and Final Release." This proposed agreement contained all the documents that the October 30, 2017 agreement discussed, other documents necessary to execute the agreement, as well as six unexecuted deeds requiring appellants to convey the earlier identified six properties to six identified trusts.

Before the parties executed their final settlement agreement, a dispute arose involving the six properties. Under the October 30, 2017 agreement, the parties submitted the following issue for arbitration: "Are the six . . . properties part of the settlement, and if so, who would get them[?]" On February 20, 2018, the Arbitrator issued an award granting 2727 Russell Street, LLC the six properties, requiring appellants to convey the properties to 2727 Russell Street, LLC, and ordering that 2727 Russell Street, LLC's "version of the settlement documents and releases" governed the parties' settlement agreement. Appellants filed a motion before the

---

[1] The circuit court dismissed claims brought against Luke Investments, Inc., and Emre Uralli; thus, their involvement as third-party defendants is not relevant for purposes of this appeal.

-2-

Arbitrator to modify or correct the February 20 Award, arguing that the Arbitrator exceeded his authority and violated the terms of the October 30, 2017 agreement by awarding 2727 Russell Street, LLC the six properties that were not referred to in the October 30, 2017 agreement. Appellants also argued that the Arbitrator exceeded his authority by finding that 2727 Russell Street, LLC's version of the settlement documents controlled. On March 30, 2018, the Arbitrator issued an award denying appellants' motion and confirming the February 20 Award.

Meanwhile, 2727 Russell Street, LLC filed a motion to confirm the February 20 Award, and on April 19, 2018, the circuit court confirmed that Award. Notably, while the February 20 Award required appellants to deed the six properties to 2727 Russell Street, LLC, the circuit court's April 19, 2018 order required appellants to deed the six properties to the six trusts. After the Arbitrator issued its March 30 Award, 2727 Russell Street, LLC filed a motion to confirm that Award. Appellants filed a motion in the circuit court to vacate both Awards, arguing that the Arbitrator exceeded his authority in issuing those Awards. They also filed a motion for reconsideration, arguing that the circuit court's April 19, 2018 order was inconsistent with the February 20 Award regarding whom exactly they were to convey the six properties to—2727 Russell Street, LLC or the six trusts. During this time, the parties also executed a deed in which 2727 Russell Street, LLC conveyed the Russell Property to Dearing Trust in accordance with the October 30, 2017 agreement.

The circuit court held a hearing on (1) 2727 Russell Street, LLC's motion to confirm the March 30 Award, (2) appellants' motion to vacate the February 20 and March 30 Awards, and (3) appellants' motion for reconsideration of the circuit court's April 19, 2018 decision. The circuit court granted 2727 Russell Street, LLC's motion and denied appellants' two motions, reasoning that the arbitrator has broad authority in arbitrating issues submitted by the parties. This appeal follows.

## III. JURISDICTION

In its brief on appeal, 2727 Russell Street, LLC asserts that this Court lacks jurisdiction because appellants were not "aggrieved parties" when the appeal was filed and because the issues raised are moot. In doing so, 2727 Russell Street, LLC, acknowledged that the arguments in its brief were also being raised separately in a motion to dismiss filed in this Court. We denied that motion, see *2727 Russell Street, LLC v Dearing*, unpublished order of the Court of Appeals, entered January 18, 2019 (Docket No. 344175), but did not specify the reasons for doing so. Accordingly, we are compelled to address the merits of 2727 Russell Street, LLC's jurisdictional challenge.

2727 Russell Street, LLC argues that this Court lacks jurisdiction because defendants were no longer "aggrieved parties" at the time this appeal was filed because their interests in the six properties were conveyed to Melba Dearing via quitclaim deeds. MCR 7.203(A) provides that the Court "has jurisdiction of an appeal of right filed by an aggrieved party." Whether a party is an aggrieved party is pertinent to standing. See *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 291; 715 NW2d 846 (2006). In addition, this Court's jurisdiction under MCR 7.203(A)(1) is linked to the "aggrieved party" analysis. "Simply put, this Court has jurisdiction only over appeals filed by an 'aggrieved party.' " *Reddam v Consumer Mortg Corp*, 182 Mich App 754, 757; 452 NW2d 908, 910 (1990), overruled on other grounds by *CAM Const*

*v Lake Edgewood Condo Ass'n*, 465 Mich 549, 557; 640 NW2d 256 (2002). "To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency." *Federated Ins Co*, 475 Mich at 291 (quotation marks and citation omitted).

2727 Russell Street, LLC relies on the deeds recorded on April 20, 2018 to assert that appellants are not aggrieved because appellants did not own the properties when the claim of appeal was filed. However, the attempted transfer of interests by quitclaim deeds is of dubious legal effect and the record show that the transfer was not executed by all of the appellants. First, the deeds did not address the rights of each of the appellants; three deeds were from Bert W. Dearing Jr., and three were from Dearing Express Trust I. The rights of the other appellants (Jai-Lee Dearing, B & D Property Management LLC, and Dearing Development Inc.) are not eliminated by the deeds. Second, the deeds were recorded after the entry of the trial court's order extinguishing the rights, title, and interests that appellants had in those properties, and prohibiting them from attempting to transfer the properties "to themselves or to any other entity or trust related in any way to them." In light of the court's order, the quitclaim deeds may not have had any legal effect. The trial court's orders require appellants to convey the properties to six trusts. That directive supports the view that that they are aggrieved. Accordingly, 2727 Russell Street, LLC has not shown that the claim of appeal was not filed by an "aggrieved" party such that this Court lacks jurisdiction.

In addition, the appeal is not moot. 2727 Russell Street, LLC argues that appellants' appeal is moot because they ratified part of the February 20 Award, which "estopped [them] from objecting to the award as to the [six] Properties." "As a general rule, an appellate court will not decide moot issues." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). "An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief." *Id*. "[T]he burden of demonstrating mootness is a heavy one." *MGM Grand Detroit, LLC v Community Coalition for Empowerment, Inc*, 465 Mich 303, 306-307; 633 NW2d 357 (2001).

2727 Russell Street, LLC cites *Smith v Highland Park Bd of Ed*, 83 Mich App 541, 545; 269 NW2d 216 (1978), for the proposition that "[n]o one should be allowed to accept the fruits of an arbitrator's award and then dispute its validity." (Citation omitted.) However, this Court's holding in *Smith* is only relevant in so far as it relates to disputes that arise from advisory, nonbinding arbitration. See *id*. at 545-546. Here, the parties agreed to submit any disputes related to the October 30, 2017 agreement to binding arbitration, so *Smith* does not apply.

Moreover, appellants' execution of the deeds to the Russell Property on April 12, 2018, merely demonstrates their compliance with the *October 30, 2017 agreement* requiring them to purchase the Russell Property from 2727 Russell Street, LLC for a specified sum. It is not relevant to *the February 20 Award*, which awarded 2727 Russell Street, LLC the six properties, and only granted appellants some benefits related to the Russell Property. In other words, the fact that the parties executed the deed to the Russell Property under the October 30, 2017 agreement does not mean that appellants ratified the subsequent arbitration award on February 20, 2018, dealing with the six other properties. Therefore, because the facts suggest that appellants were complying with the October 30, 2017 agreement, not ratifying the February 20 Award, appellants are not estopped from challenging the February 20 Award granting 2727

-4-

Russell Street, LLC the six properties. In sum, the issues raised are not moot because relief is still possible.

### III. REVIEW OF ARBITRATOR'S DECISION

### A. STANDARD OF REVIEW

A circuit court's decision to enforce, vacate, or modify an arbitration award is reviewed de novo. *Nordlund & Ass'n, Inc v Hesperia*, 288 Mich App 222, 226; 792 NW2d 59 (2010). In reviewing an arbitrator's decision:

> A court may not review an arbitrator's factual findings or decision on the merits. Likewise, a reviewing court cannot engage in contract interpretation, which is an issue for the arbitrator to determine. Nor may a court substitute its judgment for that of the arbitrator. Hence courts are reluctant to vacate or modify an award when the arbitration agreement does not expressly limit the arbitrators' power in some way. The inquiry for the reviewing court is merely whether the award was beyond the contractual authority of the arbitrator. If, in granting the award, the arbitrator did not disregard the terms of his or her employment and the scope of his or her authority as expressly circumscribed in the contract, judicial review effectively ceases. Thus, as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court may not overturn the decision even if convinced that the arbitrator committed a serious error. [*City of Ann Arbor v American Federation of State, Co & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144-145; 771 NW2d 843 (2009) (quotation marks, citations, and brackets omitted).]

### B. ANALYSIS

### 1. ARBITRATOR'S AUTHORITY UNDER THE PARTIES' OCTOBER 30, 2017 AGREEMENT

Appellants argue that the Arbitrator exceeded his authority by awarding 2727 Russell Street, LLC the six properties that were not explicitly mentioned in the parties' October 30, 2017 agreement. They also assert that the Arbitrator exceeded his authority by finding that 2727 Russell Street, LLC's proposed settlement documents governed the parties' final settlement agreement.

The record reflects that the parties agreed to have all disputes related to the October 30, 2017 agreement submitted to binding statutory arbitration, with the facilitator serving as the sole arbitrator under the Uniform Arbitration Act. Under MCL 691.1703(1)(d), "[o]n motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if . . . [a]n arbitrator exceeded the arbitrator's powers." "[A]rbitrators exceed their power when they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law." *Nordlund*, 288 Mich App at 228 (quotation marks, citations, and brackets omitted). "[T]here is no requirement that a verbatim record be made of private arbitration proceedings, there are no

-5-

formal requirements of procedure and practice beyond those assuring impartiality, and no findings of fact or conclusions of law are required." *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 555; 682 NW2d 542 (2004). Further, "[c]ourts will not engage in a review of an arbitrator's mental path leading to the award." *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009) (quotation marks, citations, and brackets omitted). An arbitrator's "award will be presumed to be within the scope of the arbitrators' authority absent express language to the contrary." *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 497; 475 NW2d 704 (1991). That is, "an allegation that the arbitrators have exceeded their powers must be carefully evaluated in order to assure that this claim is not used as a ruse to induce the court to review the merits of the arbitrators' decision." *Id*.

Appellants argue that the October 30, 2017 agreement constituted the parties' final settlement agreement and that, because that agreement did not explicitly reference the six properties, the Arbitrator exceeded his power by awarding the six properties to 2727 Russell Street, LLC. The October 30, 2017 Agreement "resolve[d] any and all claims between the parties in this matter . . . from now until forever." However, the agreement also explicitly provided that more documents were needed to completely execute the parties' settlement agreement. Specifically, the parties were required to (1) "execute a mutual general release of all claims, known or unknown, including all claims that were or could have been brought in this proceeding by any party," (2) "prepare and enter the requisite Stipulation(s) and Order(s) of Dismissal," and (3) execute a deed in lieu for the Russell Property. 2727 Russell Street, LLC drafted the proposed settlement documents, which included the documents required by the October 30, 2017 agreement discussed above, as well as the six unexecuted deeds to the six properties disputed in this appeal.

Based on our review of the record, it is clear that the Arbitrator did not exceed his power in issuing the February 20 and March 30 Awards that granted 2727 Russell Street, LLC the six properties. The parties did not expressly limit the Arbitrator's authority in their October 30, 2017 agreement. See *Gordon Sel-Way*, 438 Mich at 497 (noting that an arbitration award is "presumed to be within the scope of the arbitrators' authority absent express language to the contrary") (citations omitted). Nor is there any indication that the Arbitrator acted in direct contravention of the express terms of the parties' agreement by awarding 2727 Russell Street, LLC the six properties. See *AFSCME*, 284 Mich App at 144-145 ("If, in granting the award, the arbitrator did not disregard the terms of his or her employment and the scope of his or her authority as expressly circumscribed in the contract, judicial review effectively ceases."). In addition, the terms of the October 30, 2017 agreement make clear that the parties were required to execute additional documents to complete their final settlement agreement, and 2727 Russell Street, LLC's proposed settlement agreement, titled "Settlement Agreement and Full and Final Release," provided those additional documents. 2727 Russell Street, LLC's proposed settlement agreement included all of the documents mentioned in the October 30, 2017 Agreement (mutual releases, orders of dismissal, and the deed in lieu for the Russell Property), as well as other documents necessary to complete the parties' Agreement (rescission of errant deeds, discharge of lis pendens, terminations of former lease agreements). 2727 Russell Street, LLC's proposed settlement agreement also indicated that the effective date of the parties' agreement was October 30, 2017—referring back to the parties' initial settlement date. Further, the parties' October 30, 2017 agreement did not include a merger clause indicating that the Agreement was the complete and final agreement of the parties. See *Hamade v Sunoco Inc (R & M)*, 271 Mich App 145, 169;

721 NW2d 233 (2006) ("Where the parties have included an express integration or merger clause within the agreement, it is conclusive and parol evidence is not admissible to show that the agreement is not integrated except in cases of fraud that invalidate the integration clause or where an agreement is obviously incomplete on its face and, therefore, parol evidence is necessary for the filling of gaps.") (quotation marks and citations omitted). Thus, the record establishes that more documents were needed to fully execute the parties' final settlement agreement and that the October 30, 2017 agreement was not the final, complete memorialization of the parties' final settlement agreement.

Next, it is important to recall that the Arbitrator's factual findings are not reviewable by this Court. See *Washington*, 283 Mich App at 672. Here, the Arbitrator found that the parties intended for the six properties to be included as part of their settlement agreement and that 2727 Russell Street, LLC's proposed version of the parties' settlement agreement governed. Appellants, however, assert that the parties never intended for the six properties to be part of their settlement agreement, noting that 2727 Russell Street, LLC's former lawyer testified that 2727 Russell Street, LLC "has no financial interest in any of those additional properties other than 2727 Russell Street." However, the lawyer's testimony was taken on August 5, 2016, well before the parties submitted their dispute to binding arbitration and entered into the October 30, 2017 agreement. Thus, the Arbitrator's findings—that the parties intended for the six properties to be included as part of their final settlement agreement and that 2727 Russell Street, LLC's version of the parties' final settlement agreement governed—are not reviewable by this Court, nor are they negated by the lawyer's testimony.

Appellants also contend that "[t]he [a]rbitrator forced the parties to arbitrate" the issue regarding the six properties, and that the parties "never agreed" to submit that issue to arbitration. "[A] party cannot be required to arbitrate an issue which it has not agreed to submit to arbitration." *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016) (quotation marks, citation, and brackets omitted). Yet, the February 20 Award states that the parties submitted the following issue for arbitration: "Are the six . . . properties part of the settlement, and if so, who would get them[?]" Further, the October 30, 2017 agreement specifically states that the "parties agree that all disputes relating to this Settlement Agreement shall be submitted to binding statutory arbitration, with the facilitator sitting as the sole arbitrator pursuant to the Uniform Arbitration Act." Thus, because the record reflects that appellants agreed that all issues related to the October 30, 2017 agreement—including the ownership of the six properties— would be resolved by binding arbitration, appellants were not forced to arbitrate the issue.

## 2. CONFIRMATION OF THE ARBITRATION AWARDS

Appellants argue that the circuit court erred by confirming the February 20 and March 30 Awards because (1) the Arbitrator exceed his authority by entering the Awards and (2) the circuit court's April 19, 2018 order is inconsistent with the February 20 Award regarding whom appellants are to convey the six properties to—2727 Russell Street, LLC or the six trusts.

The parties agreed that an arbitration award may be entered as a judgment in any circuit court having competent jurisdiction consistent with the Uniform Arbitration Act. MCL 691.1702 provides the standard for a circuit court's confirmation of arbitration awards and states that, "[a]fter a party to an arbitration proceeding receives notice of an award, the party may move the

court for an order confirming the award at which time the court *shall* issue a confirming order unless the award is modified or corrected . . . or is vacated." (Emphasis added). Notably, "[i]f the court denies a motion to vacate an award, it *shall* confirm the award unless a motion to modify or correct the award is pending." MCL 691.1703(4) (emphasis added). "The Legislature's use of the word 'shall' generally indicates a mandatory directive, not a discretionary act." *Smitter v Thornapple Twp*, 494 Mich 121, 136; 833 NW2d 875 (2013). On May 29, 2018, after the circuit court denied appellants' motion to vacate the February 20 and March 30 Awards, no other motions to modify, correct, or vacate the Awards were pending. Consequently, the circuit court was required to confirm those awards, and it did not err by doing so.

Finally, with respect to any inconsistencies between the circuit court's April 19, 2018 order and the February 20 Award regarding whom appellants are to deed the six properties to, the Arbitrator found that 2727 Russell Street, LLC's proposed settlement agreement and accompanying documents governed the parties' final settlement agreement. 2727 Russell Street, LLC's proposed settlement agreement and the documents therein state that Dearing Trust will convey the six properties to the six trusts by quitclaim deeds. Also, when 2727 Russell Street, LLC filed its motion to confirm the February 20 Award, 2727 Russell Street, LLC drafted the proposed order that the circuit court eventually entered on April 19, 2018. The April 19, 2018 order requires appellants to convey the six properties to the six trusts. Therefore, the record establishes that 2727 Russell Street, LLC requested the six properties to be deeded to the six trusts. Further, contrary to appellants' claim that the six trusts are "non[]party trusts," the record indicates that Emre Uralli formed both 2727 Russell Street, LLC and the six trusts during the dispute over the Russell Property. Thus, appellants are not "left to guess as to whom these parcels are to be deeded." The circuit court's April 19, 2018 order is consistent with the February 20 Award.

Affirmed. 2727 Russell Street, LLC may tax costs as the prevailing party. MCR 7.219(A).

/s/ Anica Letica
/s/ Michael J. Kelly
/s/ Mark T. Boonstra